IN re James J. BENEDICT, Debtor.

Timothy A. & Carol Dailey; Harry E. & Helen Lanauze; Falco A. Muscante; and William K. Kiger II, Plaintiffs,

v.

James J. BENEDICT, Defendant.

Bankruptcy No. 92–526PGH.
Adv. No. 92–238.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 13, 1992.

Daniel P. Beisler, Jr., Pittsburgh, Pa., for debtor.

Falco A. Muscante, Pittsburgh, Pa., for plaintiffs.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

Plaintiffs have filed an objection to the discharge of the Debtor and the Court has conducted an evidentiary hearing.

■ Plaintiffs assert that the entry of $400 as an expense of the Debtor for payment of rent on Schedule J–Current Expenditures of Individual Debtor was false and that he had no rental or mortgage obligation at the time he filed bankruptcy on February 7, 1992, and that the entry was therefore fraudulent and a false oath under § 727 of the Bankruptcy Code. Plaintiffs' position is amplified by stating that Debtor had no obligation with respect to his reported address at 3222 Orchard Drive.

We conclude that the Debtor was going through a divorce and in a state of housing transition at the time of the bankruptcy filing and there is nothing fraudulent about asserting that a cost of a place of abode would be $400 per month. Debtor also

may not have been actually living at 3222 Orchard Drive, but that was the address maintained for service of his divorce papers and he used that address as a matter of continuity. He may not have resided at that address, but he could be reached through that address. There is no indication that a false address was used as a matter of subterfuge or to hinder, delay or defraud creditors. Nor was there any fraud in estimating a $400 per month cost of housing.

■ Plaintiffs also assert that the $250 per month expense shown by the Debtor on his schedules for alimony, maintenance and support was fraudulent because that obligation would end within six months. The requirement is that the Debtor list current payments; it is not asked that he project into the future what changes in his income and expenses will occur.

■ Plaintiffs argue that if Debtor eliminates the $400 per month rent and the $250 per month alimony payment which subsequently terminated, that Debtor would have $500 excess income over listed expenses and could fund a Chapter 13 Plan.

The Debtor filed an amended Schedule J and a third amended Schedule J. The latter shows monthly expenses of $1,801.50. Income remained constant at $1,477.88.

■ Plaintiffs assert that the listing of expenses are fraudulent because certain postpetition consumer debt was not incurred by the Debtor but was incurred by Carole Taylor. The Debtor had married Carole Taylor on September 4, 1992. The testimony was that the Debtor was not creditworthy, was in bankruptcy, could not purchase anything on credit and so purchases for Debtor were made by Carole Taylor. Debtor then made contributions to Carole Taylor for the new household expenses sporadically and in varying amounts.

Plaintiffs also attack the listing of expenses in the Debtor's third amended Schedule J. We conclude that the listing is as accurate as a bankrupt might be expected to provide under any circumstances and certainly not done with an evil intent.

Plaintiffs are essentially arguing that a single man, recently divorced, with a daughter in college, and a gross income of some $23,000 per year, cannot file Chapter 7, but must proceed under Chapter 13. We do not view the law as requiring such a course of action.

■ Plaintiffs suggest in argument and in the proposed order attached to their complaint that the matter should be referred to the U.S. Trustee under § 707(b) of the Bankruptcy Code. Plaintiffs cite us to *In re Joseph Vesnesky*, 115 B.R. 843 (Bankr.W.D.Pa.1990) wherein the Debtor's case was dismissed under § 707(b). There, however, the combined income of the debtors was some $50,000 per year. That is not comparable to the situation here. Plaintiffs brought out the fact that the Debtor's new wife earns about $50,000 per year. We conclude that it would be inappropriate to dismiss the case under § 707(b) or to find the discharge barred, because seven months after the bankruptcy filing, the Debtor married a woman who earns $50,000 per year.

An order will be entered dismissing the complaint.